IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY E. HALL,<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO: _____<br>JURY |
| BROWN & GAY ENGINEERS, INC.,<br>    Defendant. | §<br>§<br>§ | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Tommy E. Hall, files this Complaint, complaining of Brown & Gay Engineers, Inc., and would respectfully show the following:

### PARTIES

1. Plaintiff, *Tommy E. Hall* ("Hall"), is an individual residing in Harris County, Texas.

2. Defendant, *Brown & Gay Engineers, Inc.* ("Brown & Gay" or "Defendant") is a Texas domestic for profit corporation, with its principal please of business in Harris County, Texas, and may be served with summons by serving its registered agent, Ronald L. Mullinax, at 10777 Westheimer, Suite 400, Houston, Texas 77042.

### VENUE

3. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district and Brown & Gay has its principal place of business in this division and judicial district.

**JURISDICTION**

4. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Americans With Disabilities Act ("ADA"), 29 U.S.C. § 12101 *et seq.*, as amended, and the court's supplemental jurisdiction.

**STATEMENT OF CAUSES OF ACTION**

5. Brown & Gay is an "employer" engaged in an "industry affecting commerce" as those terms are defined in the FMLA and the ADA.

6. Brown & Gay employed fifty or more "employee(s)," for each working day for each of twenty or more calendar workweeks in the current or preceding calendar year, as those terms are defined in the FMLA, the ADA and the Texas Commission on Human Rights Act ("TCHRA").

7. Hall began working for Brown & Gay on March 6, 2008, as Marketing Coordinator. Hall was a good performer, was never reprimanded or counseled or accused of poor performance.

8. In mid-January 2009, Brown & Gay laid off approximately ten percent of its workforce and repositioned another fifteen percent. Brown & Gay represented to its employees that the company wanted to cut deep and cut once so it did not have to do it again, or words to that effect. The company made it clear that it intended at that time that no one be laid off in the near future.

9. Hall's wife suffers from Sickle Cell Anemia, a chronic life-threatening disease. On February 4, 2009, Hall's wife became ill, requiring Hall's presence at home to care for her. Hall informed Jacqueline Parish ("Parish"), HR Director, of his wife's illness and took two days off from work to care for her.

10. Hall returned to work and on February 10, 2009, had a discussion with Parish and his manager, Pam Robinson ("Robinson"), Marketing Director. Hall explained to Parish in the first meeting and in the meeting on February 10, 2009 that because of the nature of the disease, his wife needed recurrent hospitalization and that he would periodically have to take time off to care for her. It was determined that Hall would fill out FMLA paperwork so that it would be in place the next time his wife fell ill from the disease.

11. In the first week of March 2009, Hall e-mailed Parish requesting the FMLA paperwork. He also called to follow up. However, Hall received no response until days later. On March 10, 2009, Hall met with Parish to discuss the FMLA and receive the FMLA paperwork to complete. Hall told Parish he would review the paperwork with his wife and get back to her. Parish told Hall to take his time because she would be on vacation the next week and they would talk after her return. Parish was on vacation from March 16, 2009, through March 23, 2009.

12. On March 24, 2009, Hall was called to a meeting with Parish and Robinson and was told he was being laid off effective immediately because of a reduction in force. Hall was told his performance was not an issue. There were no other employees terminated in this alleged "layoff."

13. Hall is an "eligible employee" as that phrase is defined in the FMLA in that he had been employed with Brown & Gay for at least twelve months and for at least 1,250 hours of service with Brown & Gay during the twelve months preceding his attempt to exercise his rights under the FMLA.

### FMLA—INTERFERENCE CLAIM

14. Defendant's conduct herein constitutes violations of the FMLA in that Defendant interfered with Hall's rights under the FMLA when he indicated his intention to take a leave. Hall's notification of his intent to exercise his rights under the FMLA was a motivating factor in Defendant's decision to interfere with his rights and terminate his employment and he suffered an adverse employment action because of his attempt to exercise his FMLA rights.

15. Defendant's conduct has caused Hall damage by way of loss of wages and benefits, and other pecuniary compensatory damages he has suffered in the past, and in reasonable probability, will suffer in the future, all in an amount in excess of the minimum jurisdictional requirements of this court.

16. Hall also seeks liquidated damages as provided by the FMLA.

### FMLA—RETALIATION CLAIM

17. Defendant's conduct herein constitutes violations of the FMLA in that Defendant retaliated against Hall by wrongfully terminating him because he indicated his intention to exercise his rights to take FMLA leave. Hall's exercise of his rights under the FMLA was a motivating factor in Defendant's decision to terminate Hall's employment. Defendant retaliated against Hall because exercised his FMLA rights.

18. Defendant's conduct has caused Hall damage by way of loss of wages and benefits, and other pecuniary compensatory damages he has suffered in the past, and in reasonable probability, will suffer in the future, all in an amount in excess of the minimum jurisdictional requirements of this court.

19. Hall also seeks liquidated damages as provided by the FMLA.

### ADA Claim

20. Defendant's conduct herein constitutes violations of the ADA in that Defendant discriminated against Hall by wrongfully terminating him because of his relationship to a disabled individual, namely his wife. Hall's relationship to a disabled individual (his wife) was a motivating factor in Defendant's decision to terminate Hall's employment.

21. Defendant's conduct has caused Hall damage by way of loss of wages and benefits, and other pecuniary and non-pecuniary (mental anguish, emotional distress, humiliation, inconvenience, loss of enjoyment of life) compensatory damages he has suffered in the past, and in reasonable probability, will suffer in the future, all in an amount in excess of the minimum jurisdictional requirements of this court.

22. Reinstatement is not feasible, though Hall seeks it if it is found to be feasible.

23. Defendant's conduct was carried out with malice or reckless indifference to Hall's federally-protected rights and was of such a nature to justify the imposition of punitive damages in an amount to be determined by the trier of fact sufficient to punish and deter Defendant from similar conduct in the future.

## TCHRA CLAIM

24. Defendant's conduct herein constitutes violations of the TCHRA in that Defendant discriminated against Hall by wrongfully terminating him because of his relationship to a disabled individual, namely his wife. Hall's relationship to a disabled individual (his wife) was a motivating factor in Defendant's decision to terminate Hall's employment.

25. Defendant's conduct has caused Hall damage by way of loss of wages and benefits, and other pecuniary and non-pecuniary (mental anguish, emotional distress, humiliation, inconvenience, loss of enjoyment of life) compensatory damages he has suffered in the past, and in reasonable probability, will suffer in the future, all in an amount in excess of the minimum jurisdictional requirements of this court.

26. Reinstatement is not feasible, though Hall seeks it if it is found to be feasible.

27. Defendant's conduct was carried out with malice or reckless indifference to Hall's state-protected rights and was of such a nature to justify the imposition of punitive damages in an amount to be determined by the trier of fact sufficient to punish and deter Defendant from similar conduct in the future.

## ATTORNEY'S FEES

28. Defendant's refusal to abide by its statutory obligations to Hall has made it necessary for Hall to employ the undersigned attorney to file this lawsuit. As such, Hall requests the court to award a reasonable fee, pursuant to the FMLA, ADA and TCHRA, for his attorney's services rendered and to be rendered herein, as well as expenses and court costs, both at the trial court level and in the event of subsequent appeals.

29.  Hall has performed all administration requirements to bringing this cause of action under the ADA and TCHRA.  Hall timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (and by deferral with the Texas Workforce Commission-Civil Rights Division ("TWC-CRD")) on or about April 28, 2009.  Hall received a Notice of Dismissal and Notice of Rights Letter from the EEOC on or after July 29, 2009 and a similar notice from the TWC-CRD on or after August 4, 2009.  Hall timely filed this lawsuit.

### JURY DEMAND

30.  Hall demands a jury on all issues to be tried in this matter.

### PRAYER

WHEREFORE, Tommy E. Hall requests that Defendant be cited to appear and that upon final trial he be awarded judgment against Defendant for actual damages, punitive damages, liquidated damages, reinstatement on all claims if found feasible, reasonable attorney's fees, costs of court, pre-judgment and post-judgment interest, and such other and further relief, whether general or special, legal or equitable, to which he may be justly entitled.

Respectfully submitted,

LAW OFFICE OF G. SCOTT FIDDLER, P.C.

/S/ G. SCOTT FIDDLER
_____
G. SCOTT FIDDLER
SBOT # 06957750
FID # 12508
9601 Jones Road, Suite 250
Houston, Texas 77065
Tel:    281-897-0070
Fax:    713-897-0078
scott@fiddlerlaw.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFF